UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM O. WELLS,<br><br>                Plaintiff,<br><br>      v.<br><br>SERVI-SOLUTIONS, *et al.*,<br><br>                Defendant. | Case No. C18-1824RSL<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>TO DISMISS |

This matter comes before the Court on defendant's "Motion to Dismiss for Failure to State a Claim." Dkt. #12. For the following reasons, defendant's motion is GRANTED.

## **INTRODUCTION**

Plaintiff William O. Wells' complaint concerns a piece of real property located at 300 South 9th Street in Mount Vernon, WA. The property is encumbered by a deed of trust ("DOT") in favor of defendant Servi-Solutions[1]. Although plaintiff's complaint is difficult to decipher, it appears he alleges multiple causes of action mainly arising from a split in the ownership or possession of the DOT and the mortgage note.

---

[1] Defendant identifies itself as "Alabama Housing Finance Authority aka Servi-Solutions."

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

## DISCUSSION

In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). In order to survive a motion to dismiss, a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court presumes all well-pleaded allegations to be true and draws all reasonable inferences in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144–45 (9th Cir. 2013). The facts must allow the Court "to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Dismissal is appropriate if plaintiff's complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim. Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015). Where a plaintiff proceeds *pro se*, the court must construe the "complaint[] liberally even when evaluating it under the *Iqbal* standard." Johnson v. Lucent Techs. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

**A.     Invalid Deed of Trust**

Any contention in plaintiff's complaint that a split in the note and DOT invalidates the promissory note is deficient factually and legally. Plaintiff has not alleged sufficient facts for the Court to ascertain the nature of the split he alleges and, even if he had, splitting the note from the DOT does not, by itself, invalidate either document or erase the debt evidenced by the note.

Plaintiff has not alleged that defendant attempted to foreclose on the property nor has he provided any facts beyond mere conclusory statements to suggest that Servi-Solutions is not entitled to enforce either document. It is not necessarily a violation in Washington to split the note from the DOT. Zamzow v. Homeward Residential, Inc., No. C12-5755BHS, 2012 WL

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 2

6615931, at *1 (W.D. Wash. Dec. 19, 2012). The person authorized to enforce a promissory note can be the holder of the note and does not have to be the owner of that note. Robinson v. Wells Fargo Bank Nat'l Ass'n, No. C17-006-1JLR, 2017 WL 2311662, at *4 (W.D. Wash. May 25, 2017); *See* RCW 62A.3-301 ("'Person entitled to enforce' an instrument means . . . the holder of the instrument . . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument."); see also Deutsche Bank Nat. Tr. Co. v. Slotke, 192 Wash. App. 166, 173 (Wn. App. 2016) ("[I]t is the holder of a note who is entitled to enforce it. It is not necessary for the holder to establish that it is also the owner of the note secured by the deed of trust."). Aside from vaguely stating that there exists "no definitive claimant of ownership of the note(s)," plaintiff fails to provide the Court any factual information regarding efforts to foreclose on the mortgage or who the owners or holders of the relevant documents are if not Servi-Solutions. Therefore, the Court can draw no inference that the alleged split is wrongful or that defendant has any potential liability in this matter.

The complaint does not attach either document for the Court's review, nor does it describe them in sufficient detail for the Court to ascertain why plaintiff believes defendant's actions are improper. Thus, plaintiff fails to validly state any cause of action related to the alleged split.

**B.     Quiet Title**

To the extent that plaintiff is bringing an action to quiet title on the property under RCW 7.28.010 based on the allegedly invalid DOT, plaintiff's complaint fails to state a claim under Rule 12(b)(6).

As discussed above, plaintiff has not alleged facts sufficient to raise an inference that the DOT is invalid. In addition, to succeed on a quiet title claim, plaintiff must first allege that he is "the rightful owner[] of the property, i.e., that [he has] satisfied [his] obligations under the Deed of Trust." Gelinas v. Bank of Am., No 16-1355RAJ, 2017 WL 1153859, at *6 (W.D. Wash. Mar 27, 2017), citing Santos v. Countrywide Home Loans, No. CIV.20902642WBS DAD, 2009 WL 3756337, at *4 (E.D. Cal. Nov. 6, 2009). Plaintiff has not asserted any facts indicating that

he has satisfied his obligations or is the rightful owner, and for that reason his claims are deficient.

**C.      Other Claims**

Plaintiff appears to bring a number of other claims including "denial of right to due process and constitutional rights" and fraud, negligence, and misrepresentation. Plaintiff alleges these claims arise from "improper mortgage company procedures" by Servi-Solutions. However, the complaint does not include enough facts, beyond conclusory allegations, that defendant's actions were improper or for the Court to ascertain what actions taken by Servi-Solutions were unlawful or harmed plaintiff. The only specific allegations are that defendant's improper procedures included "servicing through an independent broker/realtor" and "improper noticing." This single sentence is not enough for the Court to reach a reasonable inference that defendant has engaged in unlawful activity as required by Iqbal.

Assuming plaintiff is once again relying on the split in the note and DOT to support his claims, as noted earlier, he has not alleged any facts to indicate that a split exists, nor would it matter since splitting the note from the DOT does not invalidate the underlying obligation. To the extent plaintiff believes there were other unlawful actions taken by defendant, plaintiff has failed to provide a factual basis on which the Court could find a basis for a reasonable inference of wrongdoing.

**D.      Leave to Amend**

Dismissal without leave to amend is improper unless it is "clear" that "the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 736 (9th Cir. 2009). Plaintiff's claims are difficult to ascertain in the current form of the complaint. For the claims that the Court believes it has identified, plaintiff has alleged almost no facts to support them. However, the Court is not convinced that the complaint cannot be saved by amendment that includes specific facts describing the nature of the events alleged in the complaint. Plaintiff shall have the opportunity to correct the deficiencies in the complaint if he believes he can do so.

See Linden v. X2 Biosystems, Inc., No. C17-0966RSM, 2018 WL 2129729, at *5 (W.D. Wash. May 9, 2018).

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff may file a motion to amend the complaint, consistent with LCR 15, within fourteen days of this order. If a sufficient pleading is not filed within the time allowed, this matter will be dismissed without prejudice.

Dated this 18th day of June, 2019.

Robert S. Lasnik
United States District Judge